___ FILED ___ ENTERED
___ LOGGED ___ RECEIVED

FEB 0 4 2013

AT BALTIMORE
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
for the
District of Maryland

United States of America )
v. )
) Case No. 13-217 SKG
)
TONY LAMONT MILLS )
)
)

*Defendant(s)*

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of __August 30 and 31, 2012__ in the county of __Worcester__ in the
_____ District of __Maryland__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. Section 841(a)(1) | Possession with the intent to distribute heroin on August 30, 2012 |
| 21 U.S.C. Section 841(a)(1) | Possession with the intent to distribute heroin on August 31, 2012 |
| 18 U.S.C. Section 922(g)(1) | Possession of a firearm by a felon on August 31, 2012 |

This criminal complaint is based on these facts:

See attached

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Special Agent Michael Odenwald, ATF
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 2/1/13

_____
*Judge's signature*

City and state: Baltimore, Maryland        Hon. Susan K. Gauvey, U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT

I, Michael R. Odenwald, being duly sworn, hereby depose and state:

1. I make this affidavit from personal knowledge based on my participation in this investigation, including witness interviews conducted by myself and/or with other law enforcement agents, communications with others who have personal knowledge of the events and circumstances described herein, and information gained through my training and experience. The information outlined below is provided for the limited purpose of establishing probable cause and does not contain all details or all facts of which I am aware relating to this investigation. I make this affidavit in support of a federal criminal complaint charging the defendant, Tony Lamont MILLS, with possession of heroin with the intent to distribute heroin (in violation of 21 U.S.C. Section 841(a)(1)) and possession of a firearm by a felon (in violation of 18 U.S.C. Section 922(g)(1)).

2. I am currently assigned to the Baltimore Field Division of the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), United States Department of Justice, and have been employed as a Special Agent since November 1994. Your Affiant was previously employed for 21 months as a Deputy Sheriff with the Prince George's County Sheriff's Department. Your Affiant also has a Bachelor of Science degree in criminal justice from the University of Maryland, focusing on law enforcement related topics. Your Affiant has received specialized training in the investigation of violations of Federal/State Firearms Laws. Your Affiant is a graduate of the Prince George's County Police Academy, Basic Criminal Investigator's Training Program, and the New Agent Training Program Bureau of Alcohol, Tobacco, Firearms and Explosives New Agent training Program. In his current capacity, your Affiant is responsible for investigating federal/state firearms violations and the investigation of violent drug and gun trafficking organizations. Your Affiant is an active investigator for the Maryland Eastern Shore EXILE program in which state and local arrests for firearms violations are reviewed and referred for possible federal prosecution. Your Affiant has testified in federal court with respect to the possession of firearms and ammunition.

3. Local law enforcement conducted multiple hand to hand purchases of heroin from the defendant through the use of an undercover police detective. Specifically, on two occasions (August 29, 2012 and August 30, 2012) an undercover officer with the Ocean City Police Department met with MILLS while MILLS was sitting in his vehicle. On both occasions, MILLS provided the undercover officer with a quantity of heroin in exchange for money. In particular, on August 30, 2012, the undercover engaged in text message communication and phone calls with MILLS during which MILLS agreed to meet with the undercover to sell him heroin. The undercover and MILLS separately drove to an agreed location. The undercover officer approached MILLS's vehicle and provided MILLS with money. MILLS handed the undercover officer zip lock baggies containing suspected heroin.

4. Local law enforcement also visually observed the residence and noted that the vehicle involved in the narcotics transactions was parking at 113 Elizabeth Street, Berlin,

Maryland 21811, after the hand to hand drug transactions.

5. On August 31, 2012, at 0050 hours the Berlin Police Department SWAT Team made entry into a residence further described as 113 Elizabeth Street, Berlin, Maryland 21811. Upon entry, defendant Tony Lamont MILLS was discovered hiding in the closet of the southeast bedroom of the residence. Officers detained MILLS without incident. After the residence was secured, officers located a loaded .32 caliber revolver on top of three shoe boxes which were on a shelf inside the southeast bedroom closet. The revolver was wrapped inside a towel which was in plain view on top of the shoe box. The loaded revolver was within arm's length of where MILLS was located (hiding) during the execution of the search warrant and was easily accessible to MILLS. A box of Remington ammunition containing twenty-five (25) live .32 caliber rounds was found directly next to the .32 caliber revolver on top of the shoe box.

6. As part of a broader search of the entire residence, officers seized additional suspected heroin, suspected marijuana, as well as baggies used to distribute narcotics. The suspected narcotics were field tested and yielded positive results for heroin. Subsequent lab analyses confirmed that the substances were controlled dangerous substances (heroin and marijuana). The quantity of the heroin, the packaging material and the fact that MILLS previously sold heroin to the undercover officer leads your Affiant to believe that MILLS possessed the heroin with the intent to distribute.

7. Your Affiant knows, through his training, knowledge and experience that an Iver Johnson's Arms & Cycle Works brand .32 caliber Revolver bearing Serial Number B58984 is a firearm, as defined in Title 18, United States Code, Section 921 (a)(3). Your Affiant further knows that both the firearm and 30 rounds of Remington ammunition are not manufactured in the State of Maryland and would have affected interstate or foreign commerce prior to being recovered in Berlin, Maryland, on August 31, 2012.

8. Your Affiant has reviewed MILLS's criminal history in official government databases. These records revealed that MILLS has been convicted of at least one offense punishable by a term of imprisonment exceeding one (1) year. MILLS has not received a pardon for his prohibiting conviction.

9. Accordingly, your Affiant submits that there is probable cause to believe that Tony MILLS has committed violations of 21 U.S.C. § 841(a)(1) (possession with intent to distribute heroin) and 18 U.S.C. § 922(g)(1) (possession of a firearm by a felon).

*Michael Odenwald*
Special Agent Michael Odenwald
Bureau of Alcohol, Tobacco, Firearms and Explosives

Signed and sworn to me this __1__ day of February, 2013,

Honorable Susan K. Gauvey
United States Magistrate Judge